UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| LEON DUFFY<br>    LA. DOC #197170<br>VS. | CIVIL ACTION NO. 6:14-cv-0418<br><br>SECTION P<br><br>JUDGE REBECCA F. DOHERTY |
| WARDEN TIMOTHY KEITH | MAGISTRATE JUDGE PATRICK J. HANNA |

REPORT AND RECOMMENDATION

*Pro se* petitioner Leon Duffy, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on February 13, 2014. Petitioner attacks his 2009 conviction for armed robbery and the hard labor sentence imposed by the Fifteenth Judicial District Court, Lafayette Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

On February 7, 2009 petitioner pled guilty to armed robbery. [Doc. 1, ¶3] On April 27, 2009 he was sentenced to serve 12 years at hard labor to be served consecutively to any other sentence he was serving.  His probation on other unrelated charges was revoked and the State agreed to forego prosecution as a multiple offender.  He was apparently permitted to appeal and

his court appointed appellate attorney filed an *Anders* brief.[1] On April 7, 2010 the Court of Appeals, after a thorough review of the record noted, "[t]he Defendant was properly charged in a bill of information, was present and represented by counsel at all crucial stages of the proceedings, and entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)." The Court determined that petitioner "... received a legal sentence that was in conformity with his plea agreement..." ; and further "... found no issues which would support an assignment of error on appeal." The Court then affirmed petitioner's conviction and sentence and granted counsel's motion to withdraw. *State of Louisiana v. Leon Duffy*, 2009-1088 (La. App. 3 Cir. 4/7/2010), 30 So.3d 1187 (Table); 2010 WL 1332912. He did not seek further direct review in the Louisiana Supreme Court.

On December 10, 2012 petitioner filed a collateral attack of his conviction in the Fifteenth Judicial District Court in a pleading which he entitled "Application for Writ of Habeas Corpus." Therein petitioner challenged the jurisdiction of the Court to accept his guilty plea while he was mentally incompetent and in addition alleged ineffective assistance of counsel. On December 17, 2012 the District Court construed his pleading as an application for post-conviction relief and dismissed it as time-barred by the 2 year period of limitation codified at La.

---

[1] See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)(Court appointed appellate counsel are obliged to conduct a conscientious examination of the case. If satisfied that an appeal would be wholly frivolous, counsel may request leave to withdraw. The request must be accompanied by a brief referring to anything in the record that might arguably support the appeal.)

C.Cr.P. art. 930.8.[2] His application for writs was denied by the Third Circuit Court of Appeals in case number KH-13-00029. Thereafter, the Louisiana Supreme Court, also citing art. 930.8, denied petitioner's writ application on January 27, 2014. *State of Louisiana ex rel. Leon Joseph Duffy vs. State of Louisiana*, 2013-1636 (La. 1/27/2014), 131 So.3d 53.

Petitioner filed the instant petition on February 21, 2014 arguing the following claims for relief – (1) the trial court lacked jurisdiction to accept petitioner's plea because he was mentally incompetent; (2) petitioner's attorney rendered ineffective assistance when he refused to enter a plea of not guilty and not guilty by reason of insanity; (3) the Louisiana courts erred by holding that petitioner's *habeas corpus* petition was subject to the 2 year limitations period for applications for post-conviction relief as set forth in art. 930.8; (4) petitioner claims that he was entitled to the benefit of art. 930.8(A)(1) because he only recently discovered documents which established that "... the treating doctors never discussed [his] diagnosis and use of the prescribed medications along with illegal drugs and alcohol..." (5) the trial court lacked jurisdiction to accept the plea due to a defective bill of information; and, (6) the State breached the plea agreement with regard to petitioner's eligibility for good time credits. [Doc. 1]

***Law and Analysis***

*1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of

---

[2] Art. 930.8 provides in pertinent part, "No application for post-conviction relief ...shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article...922, unless... [t]he application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney..."

applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction to the Third Circuit Court of Appeals; on April 7,

---

[3] Petitioner has not alleged, nor do the exhibits suggest, the existence of any State created impediments to filing. He does claim that the State courts erred in denying his collateral attack as untimely because he claimed to have only recently discovered evidence to establish his incompetency, however, he has not provided copies of these documents so it is impossible to determine the precise nature of the "facts," whether these "facts" were indeed only recently discovered, and if, so, the date of discovery. Further, petitioner offers no evidence or argument to establish the date these documents could have been discovered with the exercise of due diligence as is required by the AEDPA. Finally, petitioner cites no recent Supreme Court decision that would support his claims for relief. In other words, it does not appear that petitioner may rely upon tolling as provided in Section 2244(d)(1)(B), (C), or (D).

2010, the Court affirmed his conviction and mailed notice of judgment.[4] *State of Louisiana v. Leon Duffy*, 2009-1088 (La. App. 3 Cir. 4/7/2010), 30 So.3d 1187 (Table); 2010 WL 1332912. Pursuant to Supreme Court Rule X, §5(a), petitioner had 30 days following the Third Circuit's mailing of notice of judgment within which to timely petition the Supreme Court for further direct review, or, until on or about May 7, 2010. Petitioner did not seek further direct review in the Louisiana Supreme Court; therefore, his judgment of conviction "... became final by ... expiration of the time for seeking [further direct] review..." under 28 U.S.C. §2244(d)(1)(A) when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired on May 7, 2010. *Compare Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).[5]

---

[4] Absent evidence to the contrary, it must be assumed that the Court of Appeal followed its own rules and mailed Notice of Judgment on the same date that the judgment was rendered. See Uniform Rules – Courts of Appeal, Rules 2-16.4, 2-17.1.

[5] In *Butler*, the Fifth Circuit analyzed a similar scenario and concluded: "Louisiana Supreme Court Rule X, § 5(a) states that an application 'to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.' [The] time for seeking further review of his state conviction expired when he did not within thirty days of the Louisiana Court of Appeal's ... decision, challenge that decision in the state Supreme Court." Furthermore, it does not appear that petitioner either sought an extension of time from the Supreme Court, or permission to file an out-of-time writ application. *Compare Gilmore v. Baronne Development, LLC*, 2001-1104 (La. 5/4/2001), 791 So.2d 647; *see also Butler*, 533 F.3d at 319 (" ... there is no indication that the state court granted an extension or otherwise waived its own rule as to Butler. Butler did not even request an extension of time to file his late direct review application. He has not claimed that he received a letter from that court allowing a late filing such as did the defendant in *Hill v. Cooper*, 2007 WL 458207, No. 04-2588 (E.D.La.2007). We are not aware of any case in which the Louisiana Supreme Court *sua sponte* extended the amount of time in which to file under Rule X, § 5(a). *Contra Hughes*, 249 Fed.Appx. at 341 (Hughes requested and received an extension under § 5(b)); *McGee v. Cain*, 104 Fed.Appx. 989 (5th Cir.2004) (unpublished) (requested and did not receive an extension under § 5(a)); *Hill*, 2007 WL 458207 at *2 (requested and did receive an extension – unclear what basis). We conclude that the Louisiana Supreme Court found Butler's application for

Thereafter, since petitioner's judgment of conviction became final under the AEDPA on May 7, 2010, petitioner had 1-year, or until May 7, 2011 to file his federal *habeas corpus* petition. Petitioner's federal *habeas corpus* petition, filed in March 2014 is clearly time-barred unless he can establish that he is entitled to either statutory tolling pursuant to Section 2244(d)(2) or equitable tolling.[6]

*2. Statutory Tolling*

Petitioner cannot rely on the tolling provision of §2244(d)(2). As noted above, he filed his first and only collateral attack in the Louisiana Courts on December 10, 2012 and by that time the AEDPA's limitations period had already expired. As previously noted, any lapse of time before the proper filing of an application for post-conviction relief or other collateral attack in state court is counted against the one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998).

*3. Equitable Tolling*

The AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant

further review of his conviction to be untimely.")

---

[6] Petitioner's claim that the Louisiana Court's misapplied art. 930.8 when they denied his collateral attack obviously arose subsequent to the date of finality of judgment. However, such a claim is not cognizable in federal court. *Habeas corpus* relief, pursuant to 28 U.S.C.§ 2254 may be granted only to prisoners who are in custody in violation of the Constitution and laws of the United States; violations of state law are not sufficient to warrant federal *habeas corpus* relief. 28 U.S.C. §§ 2241 and 2254; *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1983).

about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).  Petitioner offered no evidence or argument to establish his entitlement to equitable tolling.[7]

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

---

[7] He implies that his "actual innocence" entitles him to equitable tolling, however, he offers no evidence to establish his innocence and relies instead on conclusory allegations which are insufficient.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Lafayette, Louisiana, April 9, 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE: 4/9/2014
BY: EFA
TO: RFD/cg